**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT PIERCE DIVISION**

CASE NO.

JUAN CARLOS GIL,

      Plaintiff,

v.

ST. LUCIE COUNTY

      Defendant,

---

**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF**

---

COMES NOW Plaintiff Juan Carlos Gil ("Plaintiff"), by and through his undersigned counsel, and hereby sues Defendant St. Lucie County ("Defendant") for declaratory and injunctive relief, attorney's fees and costs (including, but not limited to, court costs and expert fees) pursuant to Title II of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12131 et. seq. ("ADA") and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 ("Section 504") and alleges as follows:

**INTRODUCTION**

1.  Il n'y a que deux puissances au monde, le sabre et l'esprit : à la longue, le sabre est toujours vaincu par l'esprit[1], and one must be informed to understand their peril. Florida began its tradition of openness back in 1909 with the passage of Chapter 119 of the Florida Statutes[2]. This statute provides that any records made or received by

---

[1] There are only two powers in the world, the sword and the spirit: in the long run, the sword is always defeated by the spirit. Napoleon Ier (1789-1821)
[2] Public Records Law

any public agency in the course of its official business are available for inspection.

2.    This is an action under Title II of the Americans with Disabilities Act of 1990 and under Section 505 of the Rehabilitation Act of 1973 through which Section 504 of the Rehabilitation Act of 1973 ("Rehabilitation Act") is enforced, to redress unlawful disability-based practices and to make Plaintiff Juan Carlos Gil whole.

3.    Defendant is a public entity which has provided the website URL www.stlucieco.gov ("Website") as an information portal to St. Lucie County government for the general public (to anyone who accesses the Website). The general public is able to access St. Lucie County government's online content, which constitutes services, privileges and advantages. Much of that content is provided in portable electronic document format ("PDF").

4.    In order to meaningfully access PDF documents (also referenced as electronic documents), blind and visually impaired individuals require that PDF documents be saved in an accessible format. Much of the content provided in PDF format within Defendant's Website is not accessible for persons with screen readers.

5.    Because Defendant's online electronic document content is not available for persons who are blind or low sighted, Defendant has denied Plaintiff Juan Carlos Gil access to that electronic document content. As such, Defendant has denied access to Plaintiff based on Plaintiff's disability (being low sighted and/or blind). In so doing, Defendant has denied Plaintiff his fundamental right to observe and participate in the democratic process of self-government. A citizen's right to meaningful participation in the political process and to access publicly available information needed to participate in the process is a fundamental right requiring heightened scrutiny. *Johnny Reininger, Jr. v. State of Oklahoma*, Case No.: 5:16-cv-012141 (November 9, 2017).

6.     Plaintiff brings this action against the Defendant to enforce the requirement of Section 504 of the Rehabilitation Act that a public entity receiving federal financial assistance, which Defendant receives each year, must not deny persons with disabilities the benefits of its programs, services and activities.

7.     By failing to provide electronic documents in accessible format, Defendant has deprived blind and visually impaired individuals of the benefits of its online content, which benefit is afforded to sighted (non-disabled) individuals. As such, Defendant has increased the sense of isolation and stigma that the ADA and Section 504 were meant to redress for individuals with disabilities.

8.     Defendant's denial of much of its publicly available online content to blind and visually impaired individuals violates Section 504 of the Rehabilitation Act and Title II of the ADA.

9.     Accordingly, Plaintiff seeks injunctive and declaratory relief to ensure that blind and visually impaired individuals have equal, effective and timely access to Defendant's publicly available online content (consisting of electronic documents).

**JURISDICTION AND VENUE**

10.   Plaintiff is expressly authorized to bring this action pursuant to Title II of the Americans With Disabilities Act, 42 U.S.C. §§ 12131-12133 ("ADA"), incorporating by reference the remedies, procedures and rights under Sections 504 of the Rehabilitation Act of 1973, 29 U.S.C. §§ 794, 794(a) ("Section 504"), incorporating the remedies, rights and procedures set forth in  § 717 of the Civil Rights Act of 1964, including the application of §§ 706(f) through 706(k), 42 U.S.C. § 2000e-5(f)-(k).

11.   This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12188. This Court's jurisdiction is proper under 28 U.S.C. Section 451, 1331,

1337, and 1343.

12.  Plaintiff has met all conditions precedent to bring this action.

## PARTIES

**Juan Carlos Gil**

13.  Plaintiff Juan Carlos Gil ("Plaintiff") is a resident of the State of Florida, resides within this judicial district, is *sui juris*, is disabled and a qualified individual as defined by the ADA

14.  Plaintiff is legally blind due to optic nerve damage, has cerebral palsy, is unable to walk, is confined to a wheelchair, and as such, is a member of a protected class under the ADA, 42 U.S.C. § 12102(1)-(2) and the regulations implementing the ADA as set forth at 28 CFR §§ 35 *et seq.*  He is substantially limited in the major life activity of seeing.

15.     Plaintiff is an athlete who travels for his athletic triathlon endeavors, and also is an advocate for the rights of blind and wheelchair bound disabled individuals.[3]

16.     In the past year, Plaintiff has traveled to Arizona, Orlando, and Boston to attend various conventions and meetings to advance the rights of the disabled. Such events include, but are not limited to, the National Federation for the Blind convention in Orlando[4], the American Counsel for the Blind convention in Nevada, and various focus groups and meetings throughout the east coast (including New York and Boston).

17.  Plaintiff is an otherwise qualified or qualified individual with a disability in that Plaintiff is qualified to access Defendant's documents.

---

[3] Juan Carlos Gil has traveled to speak on disabled rights, written letters, and mentored other disabled individuals as well as being  the Plaintiff in the Landmark Historic federal trial over Web Accessibility (*Juan Carlos Gil v Winn Dixie Stores, Inc.* No. 16-cv-23020);  See press release on case: www.prweb.com/releases/2017scottrdinin/06civilrights/prweb14437034.htm

[4] July 2017

18.   Due to his disability, the Plaintiff requires that document information be saved in an accessible format such as HTML or an accessible PDF format.

**St. Lucie County or St. Lucie County, Florida**

19.   Defendant St. Lucie County is a local government entity, a body corporate and political subdivision of the State of Florida. St. Lucie County was incorporated in 1905 and is included in the Port St. Lucie, Florida metropolitan statistical area[5]. It is comprised of the City of Fort Pierce (county seat), City of Port St. Lucie and St. Lucie Village. Prior to 1905, and from 1844, the area which is now St. Lucie County was a part of Brevard County.

20.   Chapter 125.01 of the Florida Statutes gives the St. Lucie County, elected five-member Board of County Commissioners the ability to create (through a local public hearing ordinance procedure) local laws[6]. This process is done without having to go to the Florida Legislature to request special legislation to create these laws. The Board of County Commissioners create and implement St. Lucie County policy and laws.

21.   Since Defendant conducts its business as an agency and instrumentality of St. Lucie County and the State of Florida, it is a "public entity" subject to Title II of the ADA. 42 U.S.C. § 12131(1).

22.   On information and belief, Defendant is also a recipient of federal funds; as such, is also subject to the requirements of Sections 504 of the Rehabilitation Act. of 1973.

**GENERAL ALLEGATIONS**

---

[5] http://www.stlucieco.gov/about/facts-stats

[6] that are not in conflict with or specifically prohibited by state general law or the Florida Constitution

23.   Defendant offers a service through its online portal where interested persons can obtain pertinent information for living and visiting St. Lucie County including (but not limited to): county informational brochure[7] mosquito bite protection[8], special needs brochure[9], hurricane preparedness guide[10] and destinations for paddlers along the North Folk St. Lucie River[11]. These types of documents made available by Defendant are generally provided to inform the public of the services offered by Defendant, therefore are reference throughout as "service documents."

24.   Defendant also offers a service through its online portal at https://stluciefl.iqm2.com/Citizens/default.aspx ("Portal") where interested persons are able to view the St. Lucie County government's legislative history and agendas from the year 2004 to the present date[12].

25.   The St. Lucie County Commission meetings make up the bulk of Defendant's legislative history. Defendant's Governmental meetings have a direct effect on the lives of citizens in the region. Defendant's County Commission meeting agendas contain multiple links to electronic documents which contain significant information about St. Lucie County operations. Interested persons would require knowledge of the linked electronic documents in order to ascertain the business which is being considered and voted on by the Board of Commissioners. Such examples of the electronic documents offered by the are as follows:

- November Planning and zoning commission agenda with links to electronic documents: https://stluciefl.iqm2.com/Citizens/Detail_Meeting.aspx?ID=2506
- March 6, 2018 Board of County Commissioners agenda with links to

---

[7] http://www.stlucieco.gov/Home/ShowDocument?id=499
[8] http://www.stlucieco.gov/home/showdocument?id=2458
[9] http://www.stlucieco.gov/home/showdocument?id=1393
[10] http://www.stlucieco.gov/home/showdocument?id=1908
[11] http://www.stlucieco.gov/home/showdocument?id=2062
[12] http://stluciefl.iqm2.com/Citizens/Calendar.aspx?From=1/1/2004&To=12/31/2004

electronic documents:
https://stluciefl.iqm2.com/Citizens/Detail_Meeting.aspx?ID=2578
- December 2017 Erosion district agenda:
https://stluciefl.iqm2.com/Citizens/FileOpen.aspx?Type=14&ID=2277&Inline=True
- December 2017 Mosquito control district agenda resolution (electronic document) at:
https://stluciefl.iqm2.com/Citizens/Detail_Meeting.aspx?ID=2488
- November 2017 Environmental Control board agenda action item printouts at:
https://stluciefl.iqm2.com/Citizens/Detail_Meeting.aspx?ID=2540

26.   The agenda documents also contain information on how the St. Lucie County Commissioners vote for parceling community development block grants and for receiving and distributing federal grant funds for improvements to St. Lucie County.  An example, of Defendant's disclosure to the public of the use of federal grant funds is provided at http://www.stlucieco.gov/Home/ShowDocument?id=5584 which is the first year action plan (for the years 2017-2018) developed by the St. Lucie County home consortium wherein Defendant has the objective of creating sustainable and suitable living environment and increased accessibility to decent housing in low to moderate income neighborhoods.  Information on affordable housing such as made available by Defendant though this Portal is extremely important to the Plaintiff, who is disabled and living on a fixed income.

27.   Through pursuing the current and archived agenda documents, interested persons can ascertain what past and present projects the St. Lucie Commissioners are reviewing, discussing,  and voting on, and can find out the direction that St. Lucie County is moving concerning spending (budgets) and legislative policy as it affects the environment (in particular regarding sea level change, erosion of the shoreline), education, public health care, public safety (including declarations regarding extreme weather such as hurricanes)  and open spaces.

28.   The legislative agenda is of particular interest to the public in areas wherein

the St. Lucie government has responded to the preparation leading to a hurricane and the actions taken in the aftermath of a hurricane regarding rebuilding and public safety issues[13].

29.   Defendant's Website also contains publications which are embedded in electronic document format. Those publications contain the St. Lucie County government's decisions regarding matters which affect the public directly, such as a guide to hazardous household products for the County's public works projects[14].   These electronic documents relate to governmental functions.

30.   Through Defendant's Portal, interested persons can ascertain service documents and agenda documents on demand. Both service documents and agenda documents are made available in electronic document format.

31.   Blind and/or visually impaired persons require screen reader software to read/comprehend (Defendant's) electronic (PDF) documents.

32.   Online "on-demand" viewing of the Defendant's service documents, information documents and agenda documents is not an option available to persons with vision disabilities due to the fact that those documents are provided solely in a PDF flat surface format and do not interface with screen reader software as used by blind and visually impaired individuals. Plaintiff (who is legally blind) is such an interested person.

33.   As an active and social Florida resident, Plaintiff is interested in the quality of life, level of environmental concern with particular interest in response to hurricane conditions (preparation and aftermath) and the level of responsiveness to global warming and sea level change. Plaintiff is also interested in visiting and possibly relocating and

---

[13] See declarations and ratifications of Emergency for Hurricane Irma at
https://stluciefl.iqm2.com/Citizens/FileOpen.aspx?Type=14&ID=2297&Inline=True
[14] http://www.stlucieco.gov/home/showdocument?id=498

living in St. Lucie County (which is just north of Plaintiff's residence).

34.   Therefore, in January, 2018, Plaintiff visited Defendant's Website with the intent of educating himself about the quality of life and political standing in St. Lucie County, which can be reflected in the governmental functions and (historical) legislative intent of the Board of Commissioners, as well as to find out about services and accommodations available to visitors and residents of St. Lucie County.

35.   Because Defendant's electronic documents are not in an accessible format for the blind and visually impaired and are not provided in accessible HTML format, Plaintiff was prevented from reading the electronic service documents in order to become informed of services offered to the public by Defendant such as a basic informational guide[15], community guide to services[16], and community events and activities[17] because of his vision disability.

36.   The fact that Plaintiff could not comprehend Defendant's electronic service documents, Plaintiff was left excluded from participating in the community services, programs and activities offered by Defendant in a manner equal to that afforded to others who are not similarly disabled. This exclusion resulted in Plaintiff suffering from feelings of segregation, rejection, and isolation.

37.   The fact that Plaintiff could not comprehend Defendant's electronic agenda documents has prevented Plaintiff from participating in St. Lucie County governmental business and left Plaintiff unable to participate in the business affairs of St. Lucie County. This exclusion resulted in Plaintiff suffering from feelings of discrimination and rejection, in not participating in the pubic government of St. Lucie County.

---

[15] http://www.stlucieco.gov/Home/ShowDocument?id=499
[16] http://www.stlucieco.gov/home/showdocument?id=5033
[17] http://www.stlucieco.gov/home/showdocument?id=6267

38.  Plaintiff's inability to access Defendant's agenda and service documents because those documents are in an inaccessible format has resulted in a *virtual barrier* which has impaired, obstructed, hindered, and impeded Plaintiff's ability to become an involved citizen in St. Lucie County government (through Defendant's agenda documents) and become informed about the programs, services and activities available to residents and visitors of St. Lucie County (through Defendant's service documents).

39.  On information and belief, since January, 2018, when Plaintiff first began to attempt to access and learn about St. Lucie County government and services, Defendant has not made reasonable modifications to its rules, policies and procedures to ensure future compliance with the ADA and/or the Rehabilitation Act. As of this filing, the electronic documents available on Defendant's Website remain inaccessible to Plaintiff as well as to other blind and visually disabled individuals.

40.  Plaintiff continues to desire to become an involved citizen in St. Lucie County governmental process by learning about the agenda items debated, discussed, and voted upon by the Board of Commissioners that affect him (as a visitor) and the effect of the governmental process on the Palm Beach County community. However, Plaintiff is unable to do so, as he is unable to comprehend the electronic agenda documents offered by Defendant for to public.

41.  Plaintiff also continues to desire to and avail himself of the programs, services and activities offered in St. Lucie County. However, Plaintiff is unable to do so, as he is unable to comprehend the electronic service documents provided by Defendant for the public.

42.  Defendant posts new documents to its website frequently.  In the near future, Plaintiff continues to desire to read and comprehend the plethora of electronic service and

agenda documents supplied by Defendant for this purpose. However, Plaintiff is precluded from participation in the government and in the programs, services and activities for residents and visitors of St. Lucie County due to the unlawful barrier created by Defendant's refusal to make its electronic agenda documents and electronic service documents accessible.

43.   As a result, Plaintiff has been barred from participating in the government of St. Lucie County because its electronic agenda documents are not provided to the public in an accessible format for screen reader software as used by the visually impaired.

44.   Plaintiff (and others with vision impairments) will suffer continuous and ongoing harm from the Defendant's omissions, policies, and practices regarding both electronic agenda documents and electronic service documents unless enjoined by this Court.

45.   Defendant has engaged (and continues to engage) in unlawful practices in violation of the ADA Section 12132.

46.   Defendant's unlawful practices include (but are not limited to) denying Plaintiff (an individual with a disability) the ability to participate in St. Lucie County government by failing to provide Plaintiff the ability to study and review St. Lucie County's agenda documents (agendas, budgets, and other government documents) in the same manner as provided to the sighted public.

47.   Plaintiff has also been denied the ability to participate in the St. Lucie County community by Defendant's precluding Plaintiff's access to St. Lucie County's programs and services in the same manner as provided to the sighted public.

48.   Defendant has acted with deliberate indifference for the provisions of the Rehabilitation Act and Title II of the ADA in regard to the unlawful practices described

herein because Defendant is aware of the availability of computer programs which allow Defendant to save electronic documents in an accessible format. Despite the ease and accessibility of providing accessible electronic documents, Defendant has failed to reasonably modify its policies, processes and procedures for the same.

49. As a result of Defendant's actions, Plaintiff has been damaged and has suffered injuries and shame, humiliation, isolation, segregation, experienced emotional suffering, pain and anguish.

50. For all of the foregoing, Plaintiff has no adequate remedy at law.

51. Plaintiff has retained Scott Dinin P.A. and J. Courtney Cunningham PLLC as his legal counsel in this action and has agreed to pay a reasonable attorney fee.

## COUNT I – VIOLATIONS OF TITLE II OF THE ADA

52. Plaintiff Juan Carlos Gil re-alleges and incorporates by reference the foregoing allegations and would further state as follows:

53. The broad mandate of the ADA is to provide an equal opportunity for individuals with disabilities to participate in and benefit from all aspects of American civic and economic life and that mandate extends to internet websites operated by entities including Defendant and the documents that Defendant provides to the public (including those documents provided in electronic document format).

54. Title II of the ADA mandates that no qualified individual with a disability shall, by reason of such disability, be excluded from full and equal participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity, 42 U.S.C. § 12132.

55. Defendant St. Lucie County is an instrumentality of the State of Florida. 42 U.S.C. §12131(1)(b) states that a public entity includes any instrumentality of a state or

local government.  As a public entity, Defendant is subject to Title II of the ADA.

56.  As a public entity, Defendant must:

a)  Provide full and equal enjoyment of its services, programs, and activities in the most integrated setting appropriate to people with disabilities. 42 U.S.C. §12131, *et. seq.*; 28 C.F.R. §35.130(a).

b)  Ensure that no individual with a disability is excluded, denied services, segregated, or otherwise treated differently than other individuals unless the public entity can demonstrate that taking those steps to modify policies, practices, or procedures would fundamentally alter the nature of the service, program, or activity; 28 C.F.R. §35.130(b)(7).

c)  Ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals unless the public entity can demonstrate that legitimate safety requirements are necessary for safe operation. Any safety requirements must be based on actual risks and not on mere speculation, stereotypes, or generalizations about individuals with disabilities; 28 C.F.R. §35.130(h).

57.  Defendant's document creation and storage for public use is a program, service, or activity within the definition of Title II of the Americans with Disabilities Act. Defendant makes information available in thousands of pages of documents available through its Website (information Portal therein through which the public can access electronic service documents and electronic agenda documents).

58.  Because Defendant's electronic service documents and electronic agenda documents are not provided in an accessible format for blind and visually impaired individuals, Plaintiff has been effectively denied access to those public documents by

Defendant.

59.   Defendant failed to provide its electronic documents in a format accessible to individuals who are visually impaired who require screen reader software to comprehend those electronic documents.

60.   Defendant has failed to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied participation in a service, program or activity, segregated or otherwise treated differently than other individuals because of that disability.

61.   By denying Plaintiff the opportunity to comprehend electronic documents due to Plaintiff's disability (visual impairment), Defendant has denied Plaintiff the opportunity to participate in or benefit from the services, programs or activities afforded to non-disabled persons and persons who are not visually impaired.

62.   Providing electronic documents in a format that can be recognized by screen reader software and therefore making those electronic documents accessible to the visually impaired would not result in any undue burden to Defendant.

63.   Providing electronic documents in a format that can be recognized by screen reader software and therefore making those electronic documents accessible to the visually impaired would not fundamentally change the nature of Defendant's services, programs, or activities.

64.   Defendant is required to provide full and equal enjoyment of its services, programs, and activities in the most integrated setting appropriate to people with disabilities. 42 U.S.C. §12131, *et. seq.*; 28 C.F.R. Part 35.

65.   As a result of the virtual barriers within the electronic documents provided by Defendant, visually impaired individuals are denied the full and equal access to the

14

services, programs, and activities offered by St Lucie County, as well as participating in the government of St. Lucie County in a manner equal to that afforded to others; in derogation of Title II of the ADA and Section 504.

66. As a public entity, Defendant may not (directly or through contractual or other arrangements) utilize methods of administration that deny individuals with disabilities access to said public entity's services, programs, and activities or that perpetuate the discrimination of another public entity; 28 C.F.R. § 35.130(b)(3).

67. As a public entity and pursuant to Title II, Defendant is required to make reasonable modifications in its policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability, unless the public entity can demonstrate that making the modifications would fundamentally alter the nature of the service, program, or activity; 28 C.F.R. § 35.130(b)(7).

68. Defendant is required to present the electronic documents it provides to the public in an accessible format in a timely manner, and in such a way as to protect the privacy and independence of the individual with a disability.

69. Therefore, documents maintained by Defendant and supplied in PDF format to the public must be formatted in a manner that complies with all State and Federal laws, including without limitation, the ADA.

70. The failure of Defendant's PDF documents to be accessible impedes Plaintiff and similarly situated visually impaired individuals from fully accessing the programs, services, and activities of St. Lucie County - as offered to residents and visitors so that they can participate in the business affairs of St. Lucie County Government (as afforded to the public), and enjoy the activities, services and programs provided by St. Lucie County to the public. By such failure, Defendant has discriminated against the visually

impaired.

71.   Defendant is blatantly discriminating by its failure to provide accessible electronic documents for blind and visually impaired citizens. Defendant has violated Title II of the ADA in numerous ways, including discriminatory action which occurred when the Defendant failed to maintain policies and procedures to ensure compliance with Title II of the ADA by creating barriers for individuals with disabilities who are visually impaired and who require the assistance of interface with screen reader software to comprehend and access Defendant's electronic documents provided within its Website. These violations are ongoing.

72.   As a result of Defendant's inadequate creation, development, and administration of Defendant's electronic documents, Plaintiff is entitled to injunctive relief pursuant to 42 U.S.C. §12133 to remedy the discrimination.

**COUNT II – VIOLATION OF SECTION 504 OF THE REHABILITATION ACT**

73.   Plaintiff re-alleges and incorporates by reference the factual allegations set forth above.

74.   Plaintiff is legally blind, which substantially limits him in his major life activities. Therefore, Plaintiff is a qualified individual with a disability under Section 504 of the Rehabilitation Act.

75.   As a qualified individual, Plaintiff is expressly authorized under the ADA to bring this action; 42 U.S.C. §§ 12132 & 12133, incorporating by reference the remedies and procedures and rights under the Rehabilitation Act, 29 U.S.C. §§ 794 & 794(a), and under Section 505 of the Rehabilitation Act which enforces Section 504 of the Rehabilitation Act, 29 U.S.C. §§  794 & 794(a), incorporating the remedies, rights and procedures set forth in Section 717 of the Civil Rights Act of 1964, including the

16

application of §§ 706(f) - (k), 42 U.S.C. §§ 2000e (5)(f) - (k).

76. On information and belief, Defendant is a recipient of federal financial assistance, federal grants, and other federal funds.

77. Congress enacted the Rehabilitation Act in 1973 to enforce the policy of the United States that all programs, projects, and activities receiving federal assistance ". . . be carried out in a manner consistent with the principles of . . . inclusion, integration, and full participation of the individuals [with disabilities]." 29 U.S.C. § 701(c) (2000).

78. Section 504 of the Rehabilitation Act prohibits recipients of federal funding from discriminating against disabled persons and requires that facilities, programs or activities operated by a federally-funded entity be readily accessible to persons with disabilities; see 28 C.F.R. § 42.520.

79. Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, requires that no qualified individual with a disability, on the basis of that disability, be excluded from participation in or be denied the benefit of the services, programs, activities, or to otherwise be discriminated against.

80. The Rehabilitation Act defines "program or activity" to mean all of the operations of a department, agency, special purpose district, or other instrumentality of a State or of a local government. As Defendant is a local government, Defendant's provision to the public of electronic agenda documents and service documents through its Website is a "program or activity" within the meaning of the Rehabilitation Act; 29 U.S.C. § 794(b)(1)(A).

81. This denial of access to Defendant's services, programs and/or activities has subjected Plaintiff to discrimination, excluded Plaintiff from participation in those services, programs and/or activities and denied Plaintiff the benefits of Defendant's

electronic service and agenda documents.

82. As of this filing, Defendant's electronic documents remain inaccessible to persons with screen readers who are blind and/or low sighted but are inaccessible to qualified or otherwise qualified persons.

83. Specifically, as related to violations of Section 504, blind and visually impaired individuals need to comprehend and access the electronic documents which Defendant provides to the public. Yet, Defendant's electronic documents are not saved in an accessible format which interfaces with screen reader software so that blind and visually impaired individuals are able to comprehend those documents.

84. As a recipient of federal funds and pursuant to Section 504 the Defendant may not deny a qualified handicapped person the opportunity to participate in or benefit from the aid, benefit, or service; 45 CFR § 84.4 (b)(1)(i).

85. As a recipient of Federal funds and pursuant to Section 504 the Defendant may not afford a qualified handicapped person an opportunity to participate in or benefit from the aid, benefit, or service that is not equal to that afforded others; 45 CFR § 84.4 (b)(1)(ii).

86. As a recipient of federal funds and pursuant to Section 504 the Defendant may not provide a qualified handicapped person with an aid, benefit, or service that is not as effective as that provided to others; 45 CFR § 84.4 (b)(1)(iii).

87. As a recipient of federal funds and pursuant to Section 504 the Defendant may not provide different or separate aid, benefits, or services to handicapped persons or to any class of handicapped persons unless such action is necessary to provide qualified handicapped persons with aid, benefits, or services that are as effective as those provided to others; 45 CFR § 84.4 (b)(1)(iv).

88.     Plaintiff has been denied the ability to comprehend electronic service documents provided by Defendant which would permit Plaintiff to the programs, services and activities of St. Lucie County as offered to residents and visitors. As a recipient of federal funds and pursuant to Section 504, Defendant may not otherwise limit a qualified handicapped person in the enjoyment of any right, privilege, advantage, or opportunity enjoyed by others receiving an aid, benefit, or service; 45 CFR § 84.4 (b)(1)(vii).

89.     As a recipient of federal funds and pursuant to Section 504, Defendant may not (directly or through contractual or other arrangements) utilize criteria or methods of administration (i) that have the effect of subjecting qualified handicapped persons to discrimination on the basis of handicap, (ii) that have the purpose or effect of defeating or substantially impairing accomplishment of the objectives of the recipient's program or activity with respect to handicapped persons, or (iii) that perpetuate the discrimination of another recipient if both recipients are subject to common administrative control or are agencies of the same State; 45 CFR § 84.4 (b)(4).

90.     As a recipient of federal funds and pursuant to Section 504, Defendant is required to evaluate (with the assistance of interested persons including handicapped persons or organizations representing handicapped persons) its current policies and practices and the effects thereof that do not or may not meet the requirements of this part; 45 CFR § 84.6 (c)(1)(i.).

91.     As a recipient of federal funds and pursuant to Section 504, Defendant is required to modify, after consultation with interested persons (including handicapped persons or organizations representing handicapped persons), any policies and practices that do not meet the requirements of this part; 45 CFR § 84.6 (c)(1)(ii).

92.     As a recipient of federal funds and pursuant to Section 504, Defendant is required to take, after consultation with interested persons (including handicapped persons or organizations representing handicapped persons), appropriate remedial steps to eliminate the effects of any discrimination that resulted from adherence to these policies and practices; 45 CFR § 84.6 (c)(1)(iii).

93.     As a recipient of federal funds and pursuant to Section 504, Defendant is required to designate at least one person to coordinate its efforts to adopt grievance procedures that incorporate appropriate due process standards and that provide for the prompt and equitable resolution of complaints alleging any action prohibited by this part; 45 CFR § 84.7 (a) & (b).

94.     Defendant has discriminated against Plaintiff (and other individuals with visual impairments) in the unequal provision of electronic documents it provides to the public.  As a result, Plaintiff has experienced exclusion, segregation, mental anguish, and humiliation in violation of his civil rights.

95.     Defendant's policies, practices and procedures, particularly the actions and omissions described above have violated Plaintiff's rights under Section 504 by discriminating on the basis of a disability.

96.     Defendant's actions were as a result of commissions or omission and deliberate indifference to the rights of the Plaintiff.

97.     As a result of Defendant's actions, Plaintiff has been damaged and has suffered injuries and shame, humiliation, isolation, segregation, experienced emotional suffering, pain and anguish and has been segregated and prohibited from enjoying the programs, services and activities offered by St. Lucie County to residents and visitors from

the knowledge obtained (through the electronic service documents) and from participating in the government of St. Lucie County (through the electronic agenda documents).

98.     Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action.  Plaintiff is entitled to have reasonable attorneys' fees, costs and expenses paid by Defendant St. Lucie County.

99.     For all of the foregoing, Plaintiff has no adequate remedy at law

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff Juan Carlos Gil hereby demands judgment against Defendant St. Lucie County including a declaratory judgment, pursuant to Rule 57 of the FRCP stating that the Defendant's practices, policies, and procedures have subjected Plaintiff to discrimination in violation of Title II of the ADA and Section 504 of the Rehabilitation Act, permanently enjoin Defendant St. Lucie County from any practice, policy and/or procedure which will deny Plaintiff equal access to services, programs or activities and/or accommodations offered by Defendant St. Lucie County to residents and visitors and in participating in the government of St. Lucie County, as well as:

a)     issue a declaratory judgment that Defendant has violated the Plaintiff's rights as guaranteed by Title II of the ADA and Section 504 of the Rehabilitation Act;

b)     enter an Order requiring Defendant to update all electronic documents made available to the public to remove barriers in order that individuals with visual disabilities can access the electronic documents to the full extent required by Title II of the ADA and Section 504 of the Rehabilitation Act;

c)     pursuant to 42 U.S.C. § 12188(a)(2), enter an Order for permanent injunction which directs Defendant to take all steps necessary to bring the

electronic documents which it provides on its electronic media into full compliance with the requirements set forth in the ADA, and its implementing regulations, so that all electronic documents are fully accessible to, and independently usable by, blind and low sighted individuals, and which further directs that the Court shall retain jurisdiction for a period to be determined to ensure that Defendant has adopted and is following an institutional policy that will in fact cause Defendant to remain fully in compliance with the law;

d) enter an Order requiring Defendant retain a qualified consultant acceptable to Plaintiff ("Mutually Agreed Upon Consultant") who shall assist it in improving the accessibility of its electronic documents, so they are accessible to individuals with visual disabilities who require those electronic documents to be in accessible format or provided in HTML format;

e) require Defendant engage a (mutually agreed upon) Consultant to perform an automated accessibility audit on a periodic basis to evaluate whether Defendant's electronic documents to be accessible to individuals with visual disabilities who require those documents to be in accessible format or provided in HTML format;

f) award damages in an amount to be determined at trial;

g) award Plaintiffs' reasonable litigation expenses and attorneys' fees; and

h) award such other and further relief as it deems necessary, just and proper.

Dated this 19th day of March, 2018.

Respectfully submitted,

*s/Scott Dinin*
Scott R. Dinin, Esq.
Scott R. Dinin, P.A.
4200 NW 7th Avenue
Miami, Florida 33127
Tel: (786) 431-1333
inbox@dininlaw.com

*s/Courtney Cunningham*
Courtney Cunningham, Esq.
J. Courtney Cunningham PLLC
8950 SW 74th Court, Suite
2201Miami, Florida 33156
Tel: (305) 351-2014
email: cc@cunninghampllc.com